**Dated: June 29, 2021**

**The following is ORDERED:**



_____
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

**NICK ALLEN MABRAY**,  Case No. 20-81024-TRC
    Debtor.  Chapter 7

**RCB BANK**,

    Plaintiff,

vs.  Adv. No. 21-8010-TRC

**NICK ALLEN MABRAY**,

    Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

    Before the Court is Plaintiff RCB Bank's Motion to Dismiss Defendant's Counterclaim (Docket Entry 13) with Defendant's Objection (Docket Entry 20). The Court heard this matter on June 16, 2021, at which time counsel for both parties as well as the Chapter 7 Trustee, Gerald Miller, appeared.

Defendant/Debtor Nick Mabray filed his Answer and Counterclaim which alleged bad faith levy on property, predatory practices to obtain a windfall, and false undervaluation of foreclosed property to create a deficiency judgment (Docket Entry 9). Plaintiff contends that the counterclaims asserted by Defendant Mabray are property of the bankruptcy estate, and that the issues raised in his counterclaims are precluded since he had the opportunity to raise them in his state court proceedings but failed to do so. The Trustee supports the Motion to Dismiss, agreeing that the counterclaims asserted against RCB Bank are property of the estate to be administered by him as Trustee. He does not intend to pursue the counterclaims or intervene in this adversary case, nor does he believe any claims Mabray is asserting in state court appeals have merit. Having heard these arguments from Plaintiff and the Trustee, Defendant's counsel concedes that he likely cannot overcome the arguments and pursue the counterclaims. Instead, he asks this Court to deem the counterclaims as affirmative defenses or allow him to amend his answer to include these claims as affirmative defenses.

Mabray listed a tort claim against RCB Bank as a contingent, unliquidated claim on Schedule A/B (Case No. 20-81024, Docket Entry 31). Pursuant to 11 U.S.C. 541(a)(i), the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. His claims against RCB Bank are therefore part of his bankruptcy estate which are for the Trustee to administer. Although the Trustee has indicated that he does not intend to pursue these claims, he has not administered nor abandoned them, and the bankruptcy case remains open. Therefore, Mabray may not pursue them individually in this adversary case.

Mabray asks the Court to either recast or allow him to file an Amended Answer to assert these counterclaims as affirmative defenses. Fed. R. Civ. P. 8 (c), made applicable pursuant to

Fed. R. Bankr. P. 7008, governs affirmative defenses. Where a party mistakenly designates a defense as a counterclaim, Rule 8(c)(2) allows a court to treat the pleading as though the pleading was correctly designated, if justice requires. That is not the situation here. Mabray's mistake is not in confusing a defense as a counterclaim, but in believing that he has standing to assert the alleged claims against Plaintiff. He is attempting to assert claims belonging to the bankruptcy estate on behalf of himself individually. Simply designating Mabray's counterclaims as affirmative defenses or allowing him to amend his answer to identify his claims of bad faith, predatory lending practices and false valuations as affirmative defenses cannot change their status as property of the bankruptcy estate.

Mabray argued that he raised these counterclaims to preserve them and not lose them. This is a curious reason given the assertion by Plaintiff that they were not raised in the various state court proceedings. The purpose of requiring a defendant to identify any avoidance or affirmative defense is to give notice to the plaintiff of such defenses, thus avoiding surprise and undue prejudice. *See Robinson v. Johnson,* 313 F.3d 128, 134–35 (3d Cir.2002). The counterclaims asserted in Mabray's Answer are not true affirmative defenses but, by his own admission, are tort claims against Plaintiff which are assets of his bankruptcy estate. Thus, the Court declines to treat his counterclaims as affirmative defenses or to allow him to file an amended answer redesignating these counterclaims as affirmative defenses. If Mabray has true affirmative defenses such as those identified in Rule 8(c) that are not included in good faith denials in his Answer, he may make application to file an amended answer, in which he details the affirmative defenses he wishes to raise.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Counterclaim raised by Defendant Mabray (Docket Entry 13) is **granted.**

The Movant shall notify interested parties of this Order.

###